204

## DE BOBULA v. TAMAMIAN.
### No. 556.

Municipal Court of Appeals for the
District of Columbia.

Oct. 24, 1947.

Titus De Bobula, pro se.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendant-tenant appeals from a denial of his motion to dismiss an action by appellee-landlord for rent due and unpaid.

The landlord's suit being for less than $500, the action was commenced by filing a bill of particulars as authorized by Municipal Court rules. Although not required to do so, the tenant then filed an affidavit of defense. In such affidavit he claimed that he did not owe the rent because (1) the landlord was liable to him for damages in the amount of $15,000 by reason of the landlord's negligence in operating the leased premises and (2) the landlord was liable to him as a result of the landlord's failure to supply services in violation of an order of the Rent Administrator made pursuant to the District of Columbia Emergency Rent Act, D.C.Code 1940, § 45—1601 et seq. As a further defense the tenant alleged that he had previously sued the landlord in the United States District Court for the District of Columbia for damages for certain injuries, that such action was still pending in the District Court and that the landlord should have filed his claim for rent as a counterclaim in the District Court action. At the same time the tenant also filed a counterclaim against the landlord for $15,-000 for damages and also the motion to dismiss the landlord's action. The trial court overruled the motion to dismiss, and it is from that ruling that this appeal is taken.

■ It is obvious that the denial of a motion to dismiss is not a final or appealable order, Toomey v. Toomey, 80 U.S.App. D.C. 77, 149 F.2d 19, and hence that the present appeal must be dismissed.

■ While our decision on this point disposes of the appeal, we think we should add that the landlord was not required to file the present claim for rent as a counterclaim to the tenant's action in the District Court. The latter action was admittedly an action in tort for injuries allegedly suffered by the tenant in the apartment. It is clear that the two claims do not arise out of the same transaction or occurrence, and

hence that the subject matter of the present action comes under the heading of a permissive rather than a compulsory counterclaim within the meaning of rules 13(a) and (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is equally obvious that the claims of the tenant are matters of defense to the landlord's suit to be disposed of at the trial, rather than matters which may be raised on a motion to dismiss.

Appeal dismissed.