Leon **LEIGHTON**, Plaintiff,

v.

**NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY**, Defendant.

**No. 61 Civ. 673.**

United States District Court
S. D. New York,
Civil Division.
Sept. 30, 1969.

Sylvester, Harris & Burstein, New York City, for plaintiff.

Saxe, Bacon & Bolan, New York City, for defendant.

## MEMORANDUM AND ORDER

LASKER, District Judge.

The defendant moves for a certification by the District Court allowing an appeal from this court's order filed September 5, 1969, under the provisions of 28 U.S.C. § 1292(b), which reads as follows:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

This is a suit for attorney's fees on account of services rendered by the plaintiff to the defendant. On March 22, 1966, Judge Levet entered an order providing that separate trials should be held, first as to the question of liability, and second, as to damages. The opinion of this court of August 18, 1969 determined that defendant was liable to plaintiff, 303 F.Supp. 599. Defendant claims that "an immediate appeal may materially advance the ultimate termination of the litigation" because a holding by the Court of Appeals that the determination set forth in the opinion of this court dated August 18, 1969 was erroneous would eliminate the necessity for the trial now to be held relating to the issue of damages.

Assuming that the Court of Appeals might reverse the finding of liability, it is, of course, true that such a determination would "materially advance the ultimate termination of the litigation." However, the provisions of Section 1292(b) require that the District Court must not only certify that an immediate appeal would materially advance the ultimate termination of the litigation (which it would not do should the Court of Appeals affirm the finding of liability), but that the District Court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion * * *." Since the court is not of the opinion that its order involves a controlling question of law as to which there is substantial ground for difference of opinion, the motion to allow the appeal under Section 1292(b) is denied.

Defendant argues two points which it believes favor the granting of certification of an appeal. First, it contends that "the rationale underlying Judge Levet's original order of severance was that, in effect, the issue of liability was a 'controlling question of law.'" I do not agree with this interpretation of Judge Levet's order, which seems to me to have been entered solely for the proper housekeeping purpose of avoiding the waste of time which would occur in the presentation of evidence relating to damages if the trial court were to determine that no liability existed.

The second string to the defendant's bow is the contention that one of the defenses raised by the defendant was that a New Jersey statute barred the maintenance of this suit in the courts of New York, and that since, although the trial

court decided against the defendant, it admitted that "there is no reported decision passing on the application of this statute to out-of-state attorneys who render services in the New Jersey courts and administrative agencies," this constitutes a controlling question of law. Again the court disagrees.

First, the question as to the meaning and applicability of the New Jersey statute is not controlling because the court found that, whether or not the statute was applicable in the circumstances, plaintiff had substantially complied with the statute. Furthermore, the court is not of the opinion that, even if the question of law were controlling, "there is a substantial ground for difference of opinion" within the meaning of Section 1292(b) as to the applicability of the New Jersey statute.

The determination made herein that an appeal ought not to be certified under Section 1292(b) is fortified by the numerous decisions of the Court of Appeals of this Circuit which make exquisitely clear its view that such a certification should be granted only under most unusual circumstances. For example, in Gottesman v. General Motors, 268 F.2d 194 (2d Cir., 1959), the Court of Appeals refused to allow an appeal under Section 1292(b) although the trial judge had made the necessary certification and although the case was described by the trial court as one which "enables a relatively small stockholder interest to plunge two large corporations [General Motors and duPont] into inevitably long and expensive litigation which, should this determination be erroneous, would result in a futile waste of time and money by both the plaintiffs and the defendants  *  *  *." *Gottesman,* 171 F. Supp. 661, 665 (D.C.1959).

In denying permission for leave to appeal, Chief Judge Clark stated in *Gottesman,* 268 F.2d at 196:

"In granting this certificate we think the judge acted improvidently and contrary to the legislative intent; and we cannot now take the second and final step toward allowing an appeal

without creating troubles for ourselves and litigants for the future in wasteful and delaying appeals not contemplated by the framers of the act, as is carefully explained in Milbert v. Bison Laboratories, 3 Cir., 260 F.2d 431. The limited purposes of the new statute have been made very clear."

Another judge of this court issued a certificate pursuant to Section 1292(b) in relation to the same case, and the Court of Appeals denied the appeal from that order. The case proceeded to trial and was dismissed by the trial court, whose decision was recently reversed and remanded by the Court of Appeals. 414 F.2d 956 (2d Cir., August 13, 1969). For other instances of such holdings by the Court of Appeals for this Circuit, see, among others, Sperry Rand Corp. v. Bell Telephone Laboratories, Inc., 272 F.2d 29, 30 (2d Cir., 1959) declining to accept an appeal certified by the trial court under Section 1292(b); Mueller v. Rayon Consultants, Inc., 271 F.2d 591 (2d Cir., 1959); and Atlantic City Elec. Co. v. General Elec. Co., 337 F.2d 844 (2d Cir., 1964).

Furthermore, it is by no means certain that "immediate appeal from the order may materially advance the ultimate termination of the litigation." The trial as to damages has been set down for the first part of November. A very substantial portion of the evidence which indisputably will be put in the record has been framed or stipulated by depositions, interrogatories, stipulations and the pretrial order. The trial as to liability necessarily informed the judge in depth as to the factual background of the case. The court therefore does not agree with defendant's contention that "the assessment of damages in this case will be a long and protracted matter."

In making these observations the court in no way suggests that it has a view as to the value of the services which plaintiff rendered to defendant, but intends merely to indicate that, bearing in mind the extremely crowded condition of the calendar in the Court of Appeals, it is readily conceivable that

**516**

the conclusion of the trial of this case may occur at or about the time that the requested appeal might be determined.

Finally, the views expressed here as to the desirability of circumscribing interlocutory appeals is fortified by the holding of the Court of Appeals of this Circuit in its recent decision in Union Tank Car Co. v. Jakob Isbrandtsen, et al., 416 F.2d 96, Sept. 12, 1969, dismissing an appeal in which the trial court had entered an order for final judgment pursuant to Rule 54(b), Fed.R.Civ.P., certifying that there was no just reason for delay and directing entry of final judgment. Although the rule there invoked calls for a somewhat different analysis than that appropriate to Section 1292(b), nevertheless the reference in the court's opinion to "the established federal policy against piecemeal appeals" is pertinent here.

For the reasons set forth above the motion is denied.

It is so ordered.