**DESIGN CONSULTANTS ENGINEERING CORPORATION, a corporation**

v.

**SECURITY INSURANCE COMPANY OF HARTFORD, a corporation.**

Civ. A. No. 68–1335.

United States District Court,
W. D. Pennsylvania.

Jan. 20, 1970.

Supplemental Memorandum
Feb. 16, 1970.

John F. Will, Jr., Pittsburgh, Pa., for plaintiff.

Donald L. Very, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

Presently before me for consideration is the defendant's motion to dismiss for failure of the plaintiff in this diversity action to meet the jurisdictional amount required by 28 U.S.C. § 1332,[1] and for failure of the plaintiff to comply with the requirements of the insurance contract which indicates a procedure for establishing a loss and furthering a claim.

This suit is an action brought against an insurance company, which issued a commercial blanket bond policy, to recover damages allegedly sustained by the plaintiff.

The first ground which the defendant asserts in its petition for dismissal is the fact that the limit of liability established by the policy is $10,000. Since the language of 28 U.S.C. § 1332 requires that liability be in excess of $10,000 to establish the requisite diversity jurisdiction, the defendant alleges that since the terms of the policy clearly limit its liability to no more than $10,-000, diversity jurisdiction does not exist.

■ Generally, under such circumstances, an allegation such as the defendant makes here, if true, would justify dismissal of the action. "A claim in the even amount of $10,000 does not satisfy the jurisdictional requirement." Fratto v. Northern Insurance Company of New York, 242 F.Supp. 262, 268 (W. D.Pa.1965), affirmed 359 F.2d 842, C.A. 3, 1965. However, courts have adopted the position that where the insurance carrier is derelict in its fiduciary duty towards its insured, the liability of the carrier may exceed the policy limits, and extend all liability of the insured. Gedeon v. State Farm Mutual Auto. Insur-

ance Co., 342 F.2d 15, C.A. 3, 1965; Ripepi v. American Insurance Companies, 349 F.2d 300, C.A. 3, 1965. The plaintiff has contended that the defendant's dereliction of duty was the proximate cause of the plaintiff suffering losses in excess of the policy limits. On these grounds the plaintiff has set forth a case of damages in excess of the jurisdictional amount required by 28 U.S.C. § 1332 and should not be precluded from asserting his claim in the Federal Courts.

■ As the second ground urging dismissal, the defendant alleges that the plaintiff failed to comply with the provisions of Section 7 of the policy which require, inter alia, that "No action shall lie against the Underwriter unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Bond, nor until ninety days after the required proofs of loss have been filed with the Underwriter * * * *"

It appears that on July 18, 1968, the plaintiff filed the defendant's verified proof of loss, Part I, together with the supporting documents. On August 23, 1968, the plaintiff filed Part 2 of the defendant's verified proof of loss. The present suit was initiated on November 11, 1968.

From the terms of the bond, it is not clear what proofs are required to be filed at least ninety days prior to the filing of suit, and any fault for the ambiguity must fall on the defendant who wrote the policy. "Since one who speaks or writes, can, by exactness of expression, more easily prevent mistakes in meaning, than one with whom he is dealing doubts arising from ambiguity of language are resolved against the former in favor of the latter." Restatement of Contracts, Section 236, Comment on Clause (d).

In its brief the defendant has indicated that "the purpose of the ninety (90)

---

1. Section 1332: (a) "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $10,000, exclusive of interest and costs * * *."

day clause is to allow adequate time to investigate a case." It appears that this clause is expressly designed to give notice of the claim to the carrier, and it is difficult to understand how the Part I proof, filed more than ninety days prior to the initiation of this action, did not adequately serve this purpose.

For these reasons, the motion of the defendant to dismiss will be denied.

## SUPPLEMENTAL MEMORANDUM

ROSENBERG, District Judge.

Presently before me for consideration is the defendant's petition for a certificate granting leave to petition the United States Court of Appeals for the Third Circuit for a review of the order of this Court dated January 20, 1970, in which the defendant's motion to dismiss the complaint filed in this action was denied.

While the complaint in this case indicates that the commercial blanket bond issued contained a limit of liability in the amount of $10,000, it also states that the plaintiff suffered losses in excess of $24,000. Under usual circumstances, the defendant would not be required to compensate the plaintiff for any loss suffered by it in excess of the $10,000 liability limitation of the bond, and thus the jurisdictional requirements of 28 U.S.C. § 1332 would not be fulfilled and a dismissal of this action would be required. However, at oral argument and in its brief in opposition to the motion to dismiss, the plaintiff has asserted that a bona fide claim exists against the defendant for an amount in excess of $10,000, and that under the circumstances asserted here, an award in excess of $10,000 would be proper.

■■ It is clear that statements of counsel propounded in briefs are not evidence. United States v. Howard, 360 F.2d 373, C.A.3, 1966; Kasar v. Miller Printing, 36 F.R.D. 200 (W.D.Pa.1964). Since in this case a determination of whether or not federal diversity jurisdiction exists, rests upon a factual determination as to whether or not the negligence of the defendant caused the plaintiff to incur losses in excess of $10,000, such matters cannot be decided on a motion to dismiss which is unsupported by evidence. However, since a jurisdictional challenge can be raised at any time, the defendant is not precluded from renewing its motion at such time as it becomes apparent that the limit of its liability is not more than $10,000. Agrashell, Inc. v. Hammons Products Company, 352 F.2d 443 (C.A.8, 1965); In re Union National Bank & Trust Co. of Souderton, Pa., 287 F.Supp. 431 (E.D.Pa.1968).

For these reasons and the reasons set forth in the opinion of the Court filed on January 20, 1970, the motion of the defendant to dismiss was denied.

In this petition, the defendant seeks a certificate in accordance with the provisions contained in § 1292(b) of Title 28 United States Code,[1] and has petitioned the Court to find that the order entered on January 20, 1970 "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation."

In Kraus v. Board of County Road Commissioners, 364 F.2d 919, 921 (C.A.6, 1966), the Court considered the explanation of § 1292(b) given by a member of that Court who had served on the committee of the Judicial Conference which supported this legislation, and

---

1. 28 U.S.C. § 1292(b) provides, inter alia, that: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order * * *."

who related that the purpose of § 1292 was that:

"'* * * provision should be made for the allowance of appeals from the interlocutory orders in those exceptional cases where it is desirable that this be done to avoid unnecessary delay and expense and that the danger of opening the door to groundless appeals and piecemeal litigation can be avoided by proper limitations to be included in the amendatory statute. * * *

"'* * * the appeal from interlocutory orders * * * should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decide * * *. It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.' "

In *Kraus*, supra, the Court had before it a case which it appeared would only require a few days for a jury trial, and which did not fulfill the intended purpose of § 1292(b), and therefore the petition was denied.

The Third Circuit in a similar situation declared that "it is quite apparent from the legislative history of the Act of September 2, 1958, that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." Milbert v. Bison Laboratories, 260 F.2d 431, 433, 3 Cir., 1958.

█ It is clear that the instant case which seeks recovery on a commercial blanket bond policy does not fulfill the extraordinary qualifications contemplated by § 1292(b). The suit is premised on a simple contract of insurance; the factual issues are few in number, and in all probability, the time which will be required for trial will be relatively short.

Therefore, the petition of the defendant will be denied.

