Lawrence W. PLUNKETT et al., Applicants,

v.

John W. GILL, Respondent.

No. 4596 Original.

District of Columbia Court of Appeals.

Filed Oct. 11, 1971.

Decided Feb. 17, 1972.

King David, Washington, D. C., was on the application for applicants.

No answer in opposition was filed on behalf of respondent.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM.

Applicants seek the leave of this court to appeal pursuant to D.C.Code 1967, § 11-721(d) (Supp. IV, 1971), the trial judge having made the requisite certification.[1] Since this case is one of the first to raise that issue under the new interlocutory appeals provision, it is appropriate that we point out to the trial court the limited use for which that provision was intended. In so doing, we deny the instant application because, as a matter of law, this case is inappropriate for interlocutory review under § 11-721(d).

Respondent brought suit against the applicants in the Landlord and Tenant

1. D.C.Code 1967, § 11-721(d) (Supp. IV, 1971) provides:

(d) When a judge of the Superior Court of the District of Columbia in making in a civil case (other than a case in which a child, as defined in section 16-2301, is alleged to be delinquent, neglected, or in need of supervision) a ruling or order not otherwise appealable under this section, shall be of the opinion that the ruling or order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the ruling or order may materially advance the ultimate termination of the litigation or case, he shall so state in writing in the ruling or order. The District of Columbia Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from that ruling or order, if application is made to it within ten days after the issuance or entry of the ruling or order. An application for an appeal under this subsection shall not stay proceedings in the Superior Court of the District of Columbia unless the judge of that court who made such ruling or order or the District of Columbia Court of Appeals or a judge thereof shall so order.

Branch of the Superior Court, seeking both the possession of certain leased premises and a money judgment for back rent. Service was not made on either of the named applicants,[2] who had vacated the premises prior to the initial hearing, thus rendering the possessory action moot. Applicants then filed a motion to dismiss, contesting the jurisdiction of the trial court to render a money judgment where no personal service had been made.[3] The denial of that motion is the subject of the instant application.

Our task in setting forth the guidelines needed to assist both litigants and trial judges in their determinations as to the proper scope of the interlocutory appeals provision is simplified by the existence of 28 U.S.C. § 1292(b) (1970), the analogous U.S.Code provision on which § 11–721(d) was modeled.[4]

In the first judicial interpretation of that provision, Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958), the court pointed out:

It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.[5]

Keeping that legislative purpose in mind, as well as the long standing judicial awareness of the increased burdens piecemeal appeals place on both courts and litigants, the federal courts have determined that

[p]ermission to allow interlocutory appeals should . . . be granted sparingly and with discrimination.[6] (Citations omitted.)

Although changing judicial needs have required a certain flexibility in the use of § 1292(b), what has been characterized as the "exceptional case" doctrine has become the guide to its application. There can be no rigid formulation of the standards implicit in that doctrine. It is evident, however, that the disadvantages inherent in piecemeal review must be substantially outweighed by the possibility of mitigating what might otherwise be protracted and expensive litigation.[7] That approach has

2. Service was made on a Mrs. Plunkett. R. 3.

3. SCR–LT 3 provides in pertinent part:
   [P]rovided that no money judgment shall be rendered against the defendant unless he has been personally served . . . .

4. H.R.Rep.No.91–907, 91st Cong., 2d Sess. 134 (1970).

5. This view is amply substantiated by the legislative history of the Act. In H.R. Rep.No.1667, 85th Cong., 2d Sess. 2 (1958), the House Judiciary Committee noted:
   There is made a part of this report a report of the Judicial Conference of the United States, which sponsors this legislation. Your Committee adopts with approval the view contained therein that appeals under this legislation should only be used in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not to be used or granted in ordinary litigation wherein issues raised can otherwise properly be disposed of.

6. Control Data Corp. v. International Business Mach. Corp., 421 F.2d 323, 325 (8th Cir. 1970).

7. E. g., Kraus v. Board of County Rd. Com'rs, 364 F.2d 919, 921–922 (6th Cir. 1966); Lear Siegler, Inc. v. Adkins, 330 F.2d 595, 598 (9th Cir. 1964); Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc., 317 F.2d 741, 743 (4th Cir. 1963); Gottesman v. General Motors Corp., 268 F.2d 194, 196–197 (2d Cir. 1959); Oskoian v. Canuel, 264 F.2d 591, 594 (1st Cir. 1959); Design Consultants Eng'r Corp. v. Security Ins. Co. of Hartford, 309 F.Supp. 1141, 1143–1144 (W.D. Pa.1970); Kauffman v. Dreyfus Fund, Inc., 51 F.R.D. 18, 22 (D.N.J.1969); Seidenberg v. McSorleys' Old Ale House, Inc., 308 F.Supp. 1253, 1261 (S.D.N.Y. 1969); Leighton v. New York, Susque-

been followed by the United States Court of Appeals for this circuit in Groover, Christie & Merritt v. LoBianco, 119 U.S. App.D.C. 50, 51, 336 F.2d 969, 970 (1964) where the court noted that it was:

> Fully mindful of the well established policy opposed to the allowance of piece-meal appeals, and quite aware that only in the exceptional case have we permitted such an interlocutory appeal . . . .[8]

■ Prior to making the certification required by the statute, the trial court must first determine whether the litigation before it is properly suited to the application of § 1292(b); and while the terms "protracted and expensive" are relative, it is clear that the discretion of the trial court in these matters is not unlimited. It was neither the intention of Congress, nor has it been the practice of courts, that the statute would apply in those situations where a trial on the merits would be shorter than the time required by this court to determine whether to allow the appeal—much less resolve the issue raised.[9] Furthermore, the trial court's exercise of discretion in no way limits our power to independently determine the suitability of § 11–721(d) to the litigation involved. This court "must do more than give a pro forma 'rubber-stamp' approval of the . . . [trial] court's certificate."[10]

■ We agree with those who feel that it serves no purpose to speak in terms of time worn cliches when dealing with the interlocutory appeals provision. Ex parte Tokio Marine & Fire Ins. Co. [Ex parte Aetna Cas. & Sur. Co.], 322 F.2d 113, 115 (5th Cir. 1963); Hadjipateras v. Pacifica, S.A., 290 F.2d 697, 702 (5th Cir. 1961). However this court is also cognizant of the need to clearly indicate, at this stage, its adoption of the position taken by the federal courts that if such appeals are to serve the purpose for which they were intended, they must be used only when the alternative would mean greater delay and expense than would be caused by the interlocutory review itself. It is evident that only in the "exceptional" case will that be the result. Neither § 1292(b) nor § 11–721(d) was:

> [I]ntended merely to provide [interlocutory] review of difficult rulings in hard cases.[11]

Application denied.

hanna & W. R. R., 306 F.Supp. 513, 515 (S.D.N.Y.1969); Speir v. Robert C. Herd & Co., 189 F.Supp. 436, 439 (D.Md. 1960); Haraburda v. United States Steel Corp., 187 F.Supp. 86 (W.D.Mich.1960); Seven-Up Co. v. O–SO Grape Co., 179 F.Supp. 167 (S.D.Ill.1959).

8. Judge Wright, in dissent, felt that the majority was mistaken when they characterized the case as exceptional; and quoted with approval from the House Report, *supra* note 5, that § 1292(b) was to be used only when protracted and expensive litigation might be avoided.

9. Although not intended as an exhaustive list, the House Judiciary Committee suggested four types of litigation in its Report, *supra* note 5, where interlocutory appeals would be proper:

* * * (a) cases where an accounting is necessary upon an adjudication of liability under a contract, (b) cases where a long trial would be necessary for the determination of liability or damages upon a decision overruling a defense going to the right to maintain the action, (c) cases involving third party defendants where there would be no reason for continuing the actions if the third parties could not be held liable and (d) causes relating to the transfer of the action where it is claimed that the transfer is not authorized by law.

10. In re Heddendorf, 263 F.2d 887, 888 (1st Cir. 1959).

11. United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).