**Mary Ellen HEWSEN et al.,
Applicants,**

**v.**

**John R. LYNCH and Fidelity & Deposit
Company of Maryland,
Respondents.**

**No. 5104 (Original).**

District of Columbia Court of Appeals.

Aug. 14, 1975.

---

Joseph T. Lilly, Washington, D.C., was on the application for applicants.

No pleading was filed on behalf of respondents.

Before REILLY, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges, in chambers.

NEBEKER, Associate Judge:

The applicants seek permission to prosecute an interlocutory appeal pursuant to D.C.Code 1973, § 11–721(d).[1] Because there is no showing that such an appeal would "materially advance the ultimate termination of the litigation" as required by the statute, the application is denied.

The applicants are defendants in a suit filed by respondent Lynch for a real estate commission, plus interest, which he claims is due him for brokerage services rendered to the defendants. A counterclaim alleging breach of a duty of good faith was filed against Lynch and his surety, Fidelity & Deposit Company of Maryland. The applicants then moved to amend their counterclaim and to join two new parties as counterclaim defendants. The proposed amendment would change the new parties with engaging in a conspiracy with Lynch to breach his fiduciary duties. The trial court denied this motion to amend and to join new parties. It also denied applicants' subsequent motion to amend the trial court's order to include the requisite certification for seeking an interlocutory appeal.[2]

The case proceeded to trial on March 5, 6, and 7, 1975. After granting plaintiffs'

motion for a directed verdict on the issues raised by the counterclaim and denying the defendants' motions for a directed verdict,[3] the case was submitted to the jury on the issues raised by the original claim. A mistrial was declared when the jury was unable to reach a verdict.

Retrial has been delayed due to difficulties in locating the trial exhibits. In their desire to expedite the resolution of this case, the parties and their counsel have agreed to a stipulation which provides, *inter alia*,

. . . that upon approval of said application [for permission to appeal], . . . in the event that the said Court rules against the Defendants-Counterclaim Plaintiffs upon the conclusion of the appeal, this case in its entirety shall be dismissed with prejudice . . .; and it is

STIPULATED FURTHER, that in the event that the District of Columbia Court of Appeals rules in favor of the Defendant-Counterclaim Plaintiffs, or if the court denies said application, then this matter shall be set for trial at the earliest possible date thereafter . . ..

Upon reconsideration of his refusal to certify an interlocutory appeal, the trial judge has now included the necessary certificate in his order denying leave to amend and to join new parties.

The applicants thus seek review of the rulings of the trial court (1) in denying

---

1. D.C.Code 1973, § 11–721(d) provides in pertinent part:

   When a judge of the Superior Court of the District of Columbia in making in a civil case . . . a ruling or order not otherwise appealable under this section, shall be of the opinion that the ruling or order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the ruling or order may materially advance the ultimate termination of the litigation or case, he shall so state in writing in the ruling or order. The District

of Columbia Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from that ruling or order, if application is made to it within ten days after the issuance or entry of the ruling or order. . . .

2. The necessary language is specified by D.C. Code 1973, § 11–721(d), *supra* note 1. *See also* D.C.App.R. 5(b).

3. The defendants moved for a directed verdict both at the close of the plaintiffs' case and at the conclusion of all the evidence.

the motion to amend and to join new parties, (2) in denying the motions for a directed verdict on the original claim, and (3) in the granting of a directed verdict for the respondents on the counterclaim.

■ The issue presently to be decided is whether a stipulation terminating an action in the event of a certain disposition by the Court of Appeals is to be considered on the question of material advancement of ultimate termination. We examine this issue from the fundamental premise that our broad discretion[4] to grant section 11–721(d) appeals will only be exercised when the case is exceptional. *Plunkett v. Gill,* D.C.App., 287 A.2d 543 (1972). One of the standards against which a case will be measured to determine if it can be classified as "exceptional" is whether the alternative to interlocutory appeal would mean greater delay and expense than the interlocutory review itself. *See Plunkett v. Gill, supra.*

■ The stipulation will operate to hasten the conclusion of this case only if, after granting the application, we rule in favor of the respondents. By the terms of the stipulation, a retrial of the original claim would be waived and the case would be dismissed with prejudice. If, however, after granting the application we rule for the applicants, the litigation would be protracted by the necessity of a trial on the counterclaim and possibly a retrial of the

original claim as well.[5] Thus, the stipulation will only advance the ultimate termination of the litigation in the event of specified appellate disposition—one in favor of respondents. A stipulation advancing ultimate termination only if the appeal is decided in a certain way is entitled to no weight in the exercise of discretion whether to permit this interlocutory proceeding. If weight were given the stipulation the trial court would perforce have to treat the merits at that stage, a step of doubtful propriety in view of the necessity also to certify a substantial ground for disagreement on a controlling question of law.

■ By this stipulation the parties cannot convert an ordinary but troublesome case into an exceptional one. Just as parties cannot confer jurisdiction on a court by acquiescence, agreement, or consent,[6] they may not base their claim that immediate review will advance the termination of their case by factors other than those inherent in the litigation itself. The stipulation in this case is insignificant on that question and, in its absence, there is not even a colorable claim that interlocutory review will advance the ultimate termination, which it must. *See Control Data Corp. v. International Business Machines Corp.,* 421 F.2d 323, 325 (8th Cir. 1970).

The application for permission to appeal is denied.

*So ordered.*

---

4. The legislative history of 28 U.S.C. § 1292 (b), from which the language of D.C.Code 1973, § 11–721(d), was adopted, states:

It should be made clear that if application for an appeal from an interlocutory order is filed with the court of appeals, the court of appeals may deny such application without specifying the grounds upon which such a denial is based. It could be based upon a view that the question involved was not a controlling issue. It could be denied on the basis that the docket of the circuit court of appeals was such that the appeal could not be entertained for too long a period of time. But, whatever the reason, the ultimate determination concerning the right of appeal is within the discretion of the judges of the appropriate circuit court of appeals. [S.

Rep.No.2434, 85th Cong., 2d Sess., 3, 4 (1958) U.S.Code Cong. and Admin.News 1958, p. 5257.]

5. The original claim would need to be retried in addition to the counterclaim if on appeal the trial court's denial of applicants' motions for a directed verdict on the original claim was affirmed.

6. *Moyer v. Moyer,* D.C.Mun.App., 134 A.2d 649 (1957); *Hearn v. Cross,* D.C.Mun.App., 80 A.2d 285 (1951); *Henderson v. E Street Theatre Corp.,* D.C.Mun.App., 63 A.2d 649 (1948); *Whitman v. Noel,* D.C.Mun.App., 53 A.2d 280 (1947); *1425 F Street Corp. v. Pardin,* D.C.Mun.App., 53 A.2d 278 (1947); *Atlas Van Lines v. Austin,* D.C.Mun.App., 44 A.2d 696 (1945), and *Yeager v. District of Columbia,* D.C.Mun.App., 33 A.2d 629 (1943).