**CROWN OIL AND WAX COMPANY OF DELAWARE, Appellant,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Appellee.**

No. 79–960.

District of Columbia Court of Appeals.

Argued Sept. 23, 1980.

Decided April 21, 1981.

Chris Marder, Rockville, Md., with whom Thomas J. Sippel, Rockville, Md., was on the briefs, for appellant.

Daryl A. Chamblee, Washington, D. C., with whom Mary E. Baluss, Washington, D. C., was on the brief, for appellee.

Before KELLY, KERN and HARRIS, Associate Judges.

KELLY, Associate Judge:

This appeal is from the trial court's denial of appellant Crown Oil's motion to dismiss on the alternative grounds of lack of personal jurisdiction and *forum non conveniens.* We hold that the denial of a motion to dismiss for lack of personal jurisdiction is an interlocutory, unappealable order. The denial of a motion to dismiss based on the

doctrine of *forum non conveniens* is a final order appropriate for appellate review; however, the record in this case indicates there was no abuse of discretion by the trial court. Therefore, we dismiss the part of this appeal based on lack of personal jurisdiction, and, assuming jurisdiction, affirm the trial court's order regarding *forum non conveniens.*

## I

In 1973, appellant Crown Oil & Wax Company, a Delaware Corporation, entered into contracts with the City of Annapolis, Maryland, and the County of Anne Arundel for the construction of improvements in the Greenbriar subdivision of Annapolis. Pursuant to the County Public Works agreement, and in order to obtain a city construction permit, Crown Oil executed payment and performance bonds with the Safeco Insurance Company of America[1] for the benefit of the city and county. Contemporaneous with the execution of the bond agreements, Safeco obtained a General Agreement of Indemnity signed on behalf of Crown Oil by its President, John J. Gilece, Jr., and purportedly by George and Sophia Basiliko, residents of the District of Columbia and defendants in this action. These agreements were executed at Crown Oil's offices in Frederick, Maryland. Under the indemnity agreement, Crown Oil, George Basiliko and Sophia Basiliko each promised to pay to Safeco upon demand "[A]ll loss and expense . . . including attorney's fees, which Safeco incurred by having executed the bond, or on account of any breach of the agreement."

Although Crown Oil began construction, it eventually abandoned work on the Greenbrier project. Following Crown Oil's breach of the construction agreement, both the city and the county made demand upon Safeco pursuant to the bond agreements.

Safeco honored its obligation and arranged for completion of the work. Negotiations which culminated in a completion agreement of November 13, 1975, were conducted at the District of Columbia offices of Safeco's attorney, Michael K. Wyatt. Gilece, on behalf of Crown Oil, attended meetings at Wyatt's office in order to assist in preparing the agreement.

Once arrangements for completion of the project were made, Safeco, again through attorney Wyatt, turned its attention towards obtaining payment from the indemnitors. From September 1975 until July 1976, Wyatt attempted by negotiation to obtain satisfaction. On several occasions, Gilece met with Wyatt at Wyatt's District of Columbia office. The two were also in contact by telephone and letter. At a meeting on February 18, 1976, Gilece, purporting to also speak on behalf of the Basilikos, assured Wyatt that the indemnitors intended to honor their obligation.

In April of 1976, in response to Wyatt's request for a conference with George Basiliko, Gilece brought to Wyatt's office a man whom appellees now allege was actually Gus Basiliko, masquerading as his brother George.[2] At that meeting, Gilece and "George" Basiliko discussed with Wyatt George Basiliko's financial statement and identified collateral which could be sold to reimburse Safeco.

In July 1976, with no reimbursement forthcoming, Safeco finally brought suit in D.C. Superior Court against George and Sophia Basiliko for specific performance of the indemnity agreement. Crown Oil was at that point involved in a Chapter XI Bankruptcy Proceeding in the Eastern District of Pennsylvania. Because of the discharge in bankruptcy, Safeco was not permitted to sue Crown Oil for breach of the indemnity agreement.

Through the discovery process the following information was revealed. In his depo-

---

1. Safeco is a Washington State Corporation and does not maintain offices in the District of Columbia.

2. Gilece is Gus Basiliko's son-in-law. Gus Basiliko had been involved in the operations of Crown Oil, including the original negotiations on the Greenbriar project.

sition, George Basiliko asserted that he and Sophia Basiliko had never signed the indemnity agreement. Gilece stated in his own deposition that he had not actually witnessed the Basilikos signing the agreement, although he himself had signed the indemnity agreement as a witness. Gilece indicated that Gus Basiliko had procured the signatures of his brother and sister-in-law, and the possibility was raised that Gus had forged their signatures. In light of these allegations, Safeco added Gilece and Gus Basiliko[3] as defendants in the law suit. Safeco also added additional counts of fraud and conspiracy and a demand for compensatory and punitive damages. By leave of the Bankruptcy Court, Safeco was permitted to add Crown Oil as a defendant on the fraud and conspiracy counts. Crown Oil then filed its motion for dismissal on the alternative grounds of lack of personal jurisdiction and *forum non conveniens*, arguing that none of the acts which are alleged to have created their liability arose in the District of Columbia and that Crown Oil was not doing business within the District of Columbia, and therefore was not subject to personal jurisdiction under the D.C. Long Arm Statute. D.C.Code 1973, § 13–423. Following a hearing, the trial judge issued an order denying Crown Oil's motion and this appeal was noted.

## II

This court has jurisdiction to hear appeals from "all final orders and judgments of the Superior Court of the District of Columbia." D.C.Code 1973, § 11–721(a)(1). The denial of a motion to dismiss

3. Gus Basiliko died in December 1978. Despite numerous attempts, Safeco was unable to serve process on Gus before his death.

4. While this appeal was pending, appellee filed a motion to dismiss the appeal on grounds the denial of the pretrial motion was not a final appealable order. We denied that motion so that we could review any ambiguity created by the Per Curiam opinion in *Berwyn Fuel, Inc. v. Hogan*, D.C.App., 399 A.2d 79 (1979), in which an appeal was heard from a trial court's denial of a motion to dismiss for lack of personal jurisdiction and *forum non conveniens*. In that

is not a final order. *Plunkett v. Gill*, D.C. App., 287 A.2d 543 (1972); *Kaplan v. Bollt*, D.C.Mun.App., 158 A.2d 680 (1960); *De Bobula v. Tamamian*, D.C.Mun.App., 55 A.2d 204 (1947). This court has consistently endorsed the general rule that the test for determining whether an order is final for purposes of appeal is whether it disposes of the entire case on the merits. *Trilon Plaza Co. v. Allstate Leasing Corp.*, D.C.App., 399 A.2d 34, 36 (1979); *Burtoff v. Burtoff*, D.C. App., 390 A.2d 989 (1978); *McBryde v. Metropolitan Life Insurance Co.*, D.C.App., 221 A.2d 718, 720 (1966). In determining finality, the appellate court is concerned not merely with the interests of the immediate parties but, more importantly, with those interests that "pertain to the smooth functioning of our judicial system." *Republic Natural Gas Co. v. Oklahoma*, 334 U.S. 62, 69, 68 S.Ct. 972, 977, 92 L.Ed. 1212 (1948). In order to avoid the unnecessary delays resultant from piecemeal appeals, and to refrain from deciding issues which may eventually be mooted by the final judgment, we conclude that this court will not entertain an interlocutory appeal from the denial of a motion to dismiss for lack of personal jurisdiction. Indeed, this court has even refused to hear such an interlocutory appeal in a case in which the trial court had made the requisite certification under the interlocutory appeals provision of D.C.Code 1973, § 11–721(d). *Plunkett v. Gill, supra.* Therefore, we dismiss the portion of this appeal based on lack of personal jurisdiction.[4]

## III

In this jurisdiction, the denial of a motion to dismiss based on the doctrine of

case we reversed, holding the court should not have dismissed for lack of personal jurisdiction under the long-arm statute, without having to reach the *forum non conveniens* issue. Neither the briefs of the parties, nor the opinion in *Berwyn*, raised the issue of our jurisdiction to entertain the appeal. Consequently, we conclude *Berwyn* did not overturn *Plunkett v. Gill, supra.* Therefore, we are not bound by *Berwyn* to entertain the interlocutory appeal in this case.

*forum non conveniens* is an appealable order. *District-Realty Title Insurance Corp. v. Goodrich*, D.C.App., 328 A.2d 93 (1974); *Frost v. Peoples Drug Store, Inc.*, D.C.App., 327 A.2d 810 (1974). *See also Wilburn v. Wilburn*, D.C.App., 192 A.2d 797 (1963) (objection based on *forum non conveniens* may be made by trial court *sua sponte* at any time before close of trial). If we were to hold otherwise, "an appellate court would be ... powerless to remedy on post-trial appeals from final judgments, an erroneous pretrial denial of a motion to dismiss for *forum non conveniens*." *Frost v. Peoples Drug Store, Inc., supra* at 811–12. Once there has been a trial on the merits, the very inconvenience which the doctrine seeks to avoid will have already occurred.

Our ruling is consistent with the Supreme Court's holding in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), that certain orders based upon procedural steps which have a final and irreparable effect on the rights of the parties are nonetheless appealable although they do not finally terminate the action. "An order is appealable if it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Id.* at 546–47, 69 S.Ct. 1225–1226.

At stake in this appeal is the defendant's right to have the action tried in a convenient forum. The District of Columbia *forum non conveniens* statute provides as follows:

> When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just. [D.C. Code 1973, § 13–425.]

 It is settled that the decision whether to dismiss for *forum non conveniens* is committed to the sound discretion of the trial court, and this court will reverse on appeal only upon a clear showing of an abuse of discretion. *Cohane v. Arpeja-Cali-*

*fornia, Inc.*, D.C.App., 385 A.2d 153, 156, *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978); *Florida Education Association v. National Education Association*, D.C.App., 354 A.2d 853 (1976); *District-Realty Title Insurance Corp. v. Goodrich, supra*. The discretion granted the trial court is broad and the criteria which this court applies in its review are well established. *Carr v. Bio-Medical Applications of Washington, Inc.*, D.C.App., 366 A.2d 1089, 1092 (1976); *Dorati v. Dorati*, D.C.App., 342 A.2d 18, 20 (1975). The defendant has the burden of proof in a motion to dismiss for *forum non conveniens*, *Consumer Federation of America v. Upjohn Co.*, D.C.App., 346 A.2d 725 (1975), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Our review of the record in this case convinces us there was no abuse of discretion by the trial court.

In *Carr v. Bio-Medical Applications of Washington, Inc., supra* at 1092, we summarized the appropriate analysis:

> In the landmark case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court identified two separate interests which must be considered in assessing a motion to dismiss for *forum non conveniens*—the private interest of the litigant, and the public interest. Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial. *Id.* at 508, 67 S.Ct. at 843. Likewise, the public interest is a relevant consideration in applying the doctrine. Factors related to the public interest include administrative difficulties caused by local court dockets con-

gested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction. *Id.* at 508–09, 67 S.Ct. at 843.

■ As the trial judge pointed out in denying appellant's motion, the appellant's principal place of business is in Frederick, Maryland, and it is not an unduly burdensome journey from there to the District of Columbia. There is no allegation by defendant that plaintiff chose this forum in order to vex or harass the defendants. Undoubtedly, a major consideration for plaintiff was that a judgment once obtained would most likely be executed in the District of Columbia where the Basilikos have substantial real estate holdings. Although Maryland law will control as to some, if not all, of the issues in this action, our courts are not unfamiliar with the laws of Maryland; therefore, that factor does not render the District of Columbia an inconvenient forum. *Washington v. May Department Stores*, D.C.App., 388 A.2d 484, 487 (1978) (reversing *forum non conveniens* dismissal of tort suit although Maryland law would govern).

This action began as a suit against two District of Columbia residents for breach of an indemnity agreement. After the discovery process had started additional counts and additional defendants were included in the action. As this court noted in *Cohane v. Arpeja-California, Inc., supra* at 157, "[once] the parties and the court have expended their time, effort and money preparing for trial, other considerations enter the picture and the *Carr* factors are no longer dispositive." Although appellant Crown Oil was brought into this law suit after discovery began, the Corporation has had notice of these proceedings from the outset.[5] To upset the plaintiff's choice of

forum at this stage, would cause the unnecessary waste of time and resources expended by the original parties to this suit. *See Deupree v. Le*, D.C.App., 402 A.2d 428 (1979) (although parties resided in Maryland and accident took place there, it was not abuse of discretion to deny motion to dismiss once discovery had started and trial date had been set).

Our regard for the convenience of the parties to this lawsuit compels the conclusion that the matter should be tried in one action in one forum. We hold that the trial court was well within its discretion in denying the motion to dismiss for *forum non conveniens.*

The ruling on *forum non conveniens* is affirmed. The remainder of the appeal is dismissed for lack of jurisdiction.

*So ordered.*

---

5. At oral argument, appellee brought out the significant fact that George Basiliko is the sole stockholder of Crown Oil & Wax Company.