635 P.2d 311

**Beatrice TENORIO, Plaintiff-Appellee,**

v.

**Elizabeth COHEN, Sanford Cohen and Julia Cohen, Defendants-Appellants.**

**No. 5177.**

Court of Appeals of New Mexico.

Sept. 17, 1981.

Certiorari Denied by Supreme Court Oct. 22, 1981.

John M. Wells, Russell W. Ruud, Ruud & Wells, Albuquerque, for defendants-appellants.

Donald H. Brennan, Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Judge.

We discuss: (1) the ruling that the limitation period was tolled; and (2) the propriety of the interlocutory appeal.

*Tolling of Limitation Period*

■ Plaintiff sued defendants for damages allegedly resulting from an automobile accident. The trial court's finding, that the accident occurred on October 13, 1975, is not contested. The complaint was filed October 18, 1978. Defendants claimed the suit was barred by the Statute of Limitations. The applicable limitation period is three years. Section 37–1–8, N.M.S.A.1978.

Plaintiff moved that the trial court determine the number of days that should not be counted in computing whether the limitation period had run.

Section 37–1–9, N.M.S.A.1978, provides that the time a person is absent from the state is not to be included in computing whether the limitation period had run. The trial court ruled that Sanford Cohen was absent from the state 118 days between October 13, 1975, and October 13, 1978, that for 98 of these days Sanford Cohen was in either Venezuela or Mexico and this 98-day presence in foreign countries shall not be included in computing the limitation period. Similarly, the trial court determined that a 52-day period, during which Elizabeth Cohen was in either Venezuela or Mexico, shall not be included in computing the limitation period. The trial court made no ruling as to Julia Cohen.

The issue is the propriety of the ruling tolling the limitation period for 98 days as to Sanford and 52 days as to Elizabeth.

*Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (1967), states "the tolling statute should not be applied if a defendant could be served with process, either actual or substituted, in which event defendant's absence from the state does not toll the running of the Statute of Limitations." *Kennedy v. Lynch*, 85 N.M. 479, 513 P.2d 1261 (1973), states "the plaintiff must show that it is not possible to serve process on the defendant."

Plaintiff did not attempt to serve process on either Sanford or Elizabeth when they were in Venezuela or Mexico; the complaint had not been filed during these absences. As to whether process could have been served, the only showing is that during these absences, their home in Albuquerque was occupied by a non-rent paying house sitter, that the sitter was instructed to contact the Cohens as to anything requiring immediate attention. This showing suggests that the Cohens could have been served under N.M.R.Civ.P. 4(e)(1), N.M.S.A. 1978.

Plaintiff did not meet her burden of showing it was not possible to serve process.

The ruling of the trial court as to tolling the limitation period is erroneous.

*Propriety of the Interlocutory Appeal*

Defendants' application for an interlocutory appeal posed only the tolling question discussed above. The trial court's order stated that an immediate appeal of the tolling issue "may materially advance the ultimate termination of the litigation." The interlocutory appeal was granted on the basis of these representations, which were false because incomplete.

This Court requested the district court file. N.M.R.Civ.App. 8(c), N.M.S.A.1978. That file reveals two additional issues as to the limitation period—whether defendants had waived the limitation defense or whether defendants were estopped to assert the limitation defense. The file also reveals that these additional issues are matters of fact and that the trial court, expressly, had decided neither of them. If there was either a waiver or an estoppel, the tolling issue would not advance the ultimate termination of the litigation.

■ By failing to disclose that other limitation issues had not been decided, defendants' application presented the appeal in a false light. Similarly, the nondisclosure of these outstanding limitation issues in the trial court's order also resulted in a false perspective as to the appeal. The nondisclosure was a violation of N.M.R.Civ.App. 6(b)(1) and (3), N.M.S.A.1978.

■ Both the bench and bar are cautioned that good faith compliance with N.M.R.Civ.App. 6(b) is required.

The trial court's order, as to tolling, is reversed. The cause is remanded for further proceedings. Defendants are to bear the appellate costs.

IT IS SO ORDERED.

HERNANDEZ, C. J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

This case is a matter of first impression. It involves an application for appeal from an interlocutory order which was filed in this Court pursuant to § 39–3–4, N.M.S.A. 1978.

The majority opinion decided the issue of tolling the limitation period raised in the application absent an order allowing the appeal. I disagree. The application for appeal should have been dismissed. The majority opinion attacked defendants for presenting this appeal in "a false light." I disagree. The trial judge stated that he wanted to prepare this case for appeal, requesting findings of fact and conclusions of law. Defendants submitted requested findings which included one in the form of an interlocutory appeal. The judge adopted it in the interlocutory order.

The chronological events below follow:

On *October 18, 1978,* plaintiff filed a complaint against defendants. It involved an automobile collision alleged to have occurred on *October 22, 1975,* within a statutory 3 year limitation period.

On November 2, 1979, defendants filed a motion for summary judgment. It was based upon the fact that the accident actually occurred on *October 13, 1975,* and was barred. Before the motion was decided, plaintiff filed an amended complaint. It re-alleged the *October 22, 1975,* occurrence, but if not, (1) the statute should be tolled; (2) defendants waived their right to protection; or (3) defendants were estopped from asserting the statutory limitation.

On April 22, 1980, defendants filed an answer in denial and an affirmative defense of the statute of limitations.

On October 24, 1980, plaintiff submitted interrogatories with reference to defendants' residence and absence from the State. On November 25, 1980, answers were filed.

On January 27, 1981, plaintiff filed a motion for an order which would set forth the exact number of days which should not be included in computing the period of limitation.

On February 13, 1981, the trial court entered an order which denied defendants

presentment of an order of dismissal and stated:

IT IS FURTHER ORDERED that the parties shall be permitted to engage in discovery concerning questions of agreements between the parties, the issues of Waiver of the Statute of Limitations, estoppel as it applies to the Statute of Limitations, and the questions of the tolling of the Statute of Limitations for the purpose of a subsequent evidentiary hearing on this matter.

On March 4, 1981, the court requested findings to prepare this case for an appeal. These findings were presented. Defendants submitted a supplemental finding in the form required for an interlocutory appeal. The trial court made its findings, and on May 15, 1981, entered its order and allowed defendants to file an application for an interlocutory appeal.

On May 22, 1981, defendants filed an application for appeal to this Court. The application erroneously stated that it was an appeal "from an order denying defendants' motion to dismiss plaintiff's complaint on the ground that her action was barred by the three-year statute of limitation." Reference, however, was made to the order of May 15, 1981. The application presented the question whether the applicable statute of limitation should be tolled.

On May 25, 1981, three days after the application had been filed, this Court entered a *conditional* order. It stated that the application had been received and filed. It then stated:

IT IS ORDERED that permission for an interlocutory appeal is GRANTED *on the following terms and conditions* :

1. Plaintiff shall file, on or before June 15, 1981, a written memorandum showing cause why this Court should not summarily reverse the district court's order of May 15, 1981.

On June 15, 1981, plaintiff filed a written memorandum. This Court sent for the transcript of the record and discovered that, apart from tolling the limitation period, issues of waiver and estoppel were present. The limitation period was not a controlling question of law. In any event, the interlocutory appeal was not allowed.

Section 39–3–4 provides for an appeal from the district court of an interlocutory order.

Subsection (A) provides that the trial judge state in the interlocutory order that it involved "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order or decision may materially advance the ultimate termination of the litigation." The trial court complied with this provision.

Subsection (B) provides that "The * * * court of appeals has jurisdiction over an appeal from such an interlocutory order * * *. [A]ny party aggrieved may file with the clerk of the * * * court of appeals *an application for an order allowing an appeal* * * *. *If an application has not been acted upon within twenty days, it shall be deemed denied.*" [Emphasis added.]

When an application is filed in the clerk's office, the aggrieved party seeks an order allowing the appeal and this Court has jurisdiction to make that determination. This Court must act within twenty days to determine whether it will enter "an order allowing * * * [the] appeal." It failed to do so. Before it made the determination, it granted plaintiff 20 days in which to file a written memorandum. No order has yet been entered "allowing an appeal." It may be inferred that this Court allowed the appeal when the opinion was rendered, but more than 20 days having passed, "it shall be deemed denied."

Reversal of the trial court's order did "materially advance the ultimate termination of the litigation" in the sense that "tolling" is no longer an issue in the trial of the case. It is questionable, however, whether this Court retains jurisdiction to decide the appeal when it delays allowance beyond 20 days.

Passing over jurisdiction, Comment, *New Mexico's Analogue to 28 U.S.C. § 1292(b): Interlocutory Appeals come to the State Courts,* 2 N.M.L.Rev. 113, 120 (1972) stated in closing:

The statute appears to be designed to allow review of those interlocutory district court decisions which might be reversed on appeal, and if reversed, would either terminate litigation or settle a matter which could prolong litigation either by unnecessarily complicating issues to be tried or requiring litigation based on issues that lack legal merit. *Careful application of the statute should minimize the dangers inherent in permitting appellate review of interlocutory orders.* [Emphasis added.]

By making provision for an "order allowing an appeal," § 39–3–4 intended this Court to exercise care in scrutinizing each application. Piecemeal disposition and separate review of the component elements of civil cases do not conserve judicial time and prevent delaying tactics.

It would appear that § 39–3–4 was taken from 28 U.S.C. § 1292(b). It reads in pertinent part:

When a district judge, in making in a civil action an order * * * shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order * * *.

For a history and review of the application of this rule, see, Comment, *Interlocutory Appeals in the Federal Courts under 28 U.S.C. § 1292(b)*, 88 Harv.L.Rev. 607 (1975); Holtzoff, *Interlocutory Appeals in the Federal Courts*, 47 Georgetown L.J. 474 (1959); Comment, *Discretionary Appeals of District Court Interlocutory Orders: A Guided Tour Through Section 1292(b) of the Judicial Code*, 69 Yale L.J. 333 (1959).

No provision is made for allowance of an appeal. This rule "should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3rd Cir. 1958); *Plunkett v. Gill*, 287 A.2d 543 (D.C.Ct.App.1972). "This statute was not intended to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days." *Kraus v. Board of County Road Commissioners*, 364 F.2d 919, 922 (6th Cir. 1966). *Cardwell v. Chesapeake & Ohio Railway Co.*, 504 F.2d 444 (6th Cir. 1974). "It was neither the intention of Congress, nor has it been the practice of courts, that the statute would apply in those situations where a trial on the merits would be shorter than the time required by this court to determine whether to allow the appeal—much less resolve the issue raised." *Plunkett, supra*, Id. 545.

This Court should not favor interlocutory appeals unless they are "exceptional cases." To do otherwise can cause a flood of such appeals. Presently, issues of waiver and estoppel are before the trial court. It should not enter an interlocutory order unless there are trying circumstances caused by unnecessary and excessive delays. The purpose of the statute is to expedite the disposition of pending cases in the district court. In the exercise of its discretion, the trial court should seek either approval of the order by the parties, or, if not approved, written objections to the order. If the order is entered despite the objections, the objections should accompany the order in an application for appeal filed in this Court. We could then "minimize the dangers inherent in permitting appellate review of interlocutory orders."

The application for an appeal not having been allowed, it should be denied.