[No. B008098. Second Dist., Div. Five. June 18, 1985.]

AMERICAN BANK OF COMMERCE, Plaintiff and Respondent, v. CHRIS A. CORONDONI, Defendant and Appellant.

COUNSEL

Ackerman, Ling, Russell, Mirkovich & Evans and William D. Evans for Defendant and Appellant.

Sidney Mendlovitz and James M. Patronite, Jr., for Plaintiff and Respondent.

OPINION

**EAGLESON, J.**—In this case we hold that California's 10-year statute of limitations (Code Civ. Proc., § 337.5, subd. (3)), applies to enforcement

of a judgment under the Sister State Money-Judgments Act. (Code Civ. Proc., § 1710.10 et seq.) We therefore affirm the trial court order denying appellant Chris Corondoni's motion to vacate a sister state judgment entered by respondent American Bank of Commerce.

### FACTS

On December 10, 1975, respondent obtained a money judgment against appellant in the district court of Bernalillo County, Albuquerque, New Mexico.

Seven and one-half years later, on July 18, 1983, respondent applied for entry of the New Mexico judgment in the Superior Court of California, County of Los Angeles. (Code Civ. Proc., § 1710.15.) Judgment was entered on July 22, 1983, for a total of $26,656.58. (Code Civ. Proc., § 1710.25.) Shortly thereafter, appellant was personally served with notice of entry of the judgment. (Code Civ. Proc., § 1710.30.) Before hiring his present counsel, appellant told respondent's counsel that he had been living in Lakewood, California for more than five years.

Following unsuccessful settlement negotiations, appellant filed a motion to vacate the judgment. (Code Civ. Proc., § 1710.40.) He argued that New Mexico's then-existing seven-year statute of limitations barred enforcement of the judgment in California. (N.M. Stat. Ann. § 37-1-2 (1978).)

In its opposition to the motion, respondent relied on another New Mexico statute that tolls the seven-year period during the time that a debtor is absent from the state. (N.M. Stat. Ann. § 37-1-9 (1978).) In his supporting declaration, respondent's counsel recited two facts to justify application of the tolling statute: (1) appellant admitted that he had been absent from New Mexico for more than five years; and (2) a credit report showed that in 1981, appellant had a California zip code.[1]

Appellant countered with New Mexico case law. He argued that the tolling statute did not apply because respondent did not attempt to serve appellant during his absence from New Mexico. Appellant concurrently made a motion to strike, on evidentiary grounds, those portions of the declaration referring to defendant's statement and the credit report.

 ██ ██ In its minute order of March 30, 1984, the trial court denied appellant's motion to vacate the judgment, but did not refer to the

---

[1]Although the declaration refers to the year 1981, the actual date of the credit report is March 4, 1982.

motion to strike.[2] Almost two weeks after the hearing, appellant filed a request for a statement of decision, which the court denied. The court similarly denied appellant's subsequent motion for reconsideration and his request for relief under section 473 of the Code of Civil Procedure.[3]

## DISCUSSION

 Appellant raises the same basic argument on appeal that he made below. He insists that the New Mexico statute of limitations bars enforcement of the judgment in California.[4] This argument, however, is based on the incorrect assumption that New Mexico rather than California law applies.

The Sister State Money-Judgments Act (Code Civ. Proc., § 1710.10 et seq.) outlines the procedure for enforcing an out-of-state money judgment in California. Subdivision (a) of section 1710.40 sets forth the only statutory grounds for vacating such a judgment: "A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment . . . ." In elaborating on this section, the Law Revision Commission notes that one defense is that "suit on the judgment is barred by the statute of limitations in the state where enforcement is sought." (19A West's Ann. Code (1982 ed.) p. 694, Deering's Ann. Code Civ. Proc. (1981 ed.) p. 405.) California has a 10-year statute of limitations on instituting "[a]n action upon a judgment or decree of any court of the United States or of any state within the United States." (Code Civ. Proc., § 337.5, subd. 3.)

Choice of law principles dictate that California's statute governs respondent's action to enforce the New Mexico judgment. Respondent urges us to apply the traditional choice of law theory. Under this widely followed ap-

---

[2]With respect to appellant's admission that he had been absent from New Mexico for more than five years, his counsel *argued* that the admission was made during the course of settlement negotiations. There was no evidence introduced to support this contention. Thus the trial court had no basis upon which it could possibly consider the merits of the motion and no error occurred. If the court fails to rule on an unclear objection, the error is considered waived. (See Witkin, Cal. Evidence (2d ed. 1966) Introduction of Evidence at Trial, § 1303, p. 1205.)

Appellant objected to the credit report on relevancy and hearsay grounds. The hearsay objection appears to have been well taken because the record before us does not clearly reveal that an appropriate foundation had been laid for the introduction into evidence of the credit report. However, this evidence was cumulative only and admission of the report constitutes harmless error.

[3]Appellant requested relief under section 473 in the event that his request for a statement of decision was untimely.

[4]Appellant does not challenge any of the rulings the trial court made after it denied the motion to vacate. He simply states that "the Court denied the request by defendant for a statement of decision pursuant to *California Code of Civil Procedure* § 632 (West 1982)."

proach, the forum state enforces the substantive rights of other states but applies its own procedural laws. (*Grant* v. *McAuliffe* (1953) 41 Cal.2d 859, 862 [264 P.2d 944, 42 A.L.R.2d 1162]; Rest.2d Conf. of Laws, § 122; 12 Cal.Jur.3d, Conflict of Laws, § 105, p. 608.) Statutes of limitation are procedural and hence governed by forum law. (*Biewend* v. *Biewend* (1941) 17 Cal.2d 108, 114 [109 P.2d 701, 132 A.L.R. 1264]; *Travelers Indemnity Co.* v. *Bell* (1963) 213 Cal.App.2d 541, 547 [29 Cal.Rptr. 67].)

Abandoning the traditional view, our Supreme Court adopted the "governmental interest" approach: "In the landmark opinion authored by former Chief Justice Traynor for a unanimous court in *Reich* v. *Purcell* (1967) 67 Cal.2d 551 [63 Cal.Rptr. 31, 432 P.2d 727] [citation], we renounced the prior rule, adhered to by courts for many years, that in tort actions the law of the place of the wrong was the applicable law in a California forum regardless of the issues before the court. ■ We adopted in its place a rule requiring an analysis of the respective interests of the states involved (governmental interest approach) the objective of which is 'to determine the law that most appropriately applies to the issue involved.' [Citation.]" (*Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579-580 [114 Cal.Rptr. 106, 522 P.2d 666].)[5] The court first determines whether the "interest" or policy underlying the law will be significantly furthered by its application to the case at hand. (*Strassberg* v. *New England Mut. Life Ins. Co.* (9th Cir. 1978) 575 F.2d 1262, 1264) (applying California law).) If both California and the foreign state have a strong interest in applying their own law, a true conflict exists. The court then engages in a "comparative impairment" analysis, and applies "the law of the state whose interest would be the more impaired if its law were not applied." (*Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313, 320 [126 Cal.Rptr. 215, 546 P.2d 719].)

Nevertheless, California's general preference is to apply its own law. (*Strassberg* v. *New England Mut. Life Ins. Co.*, *supra*, 575 F.2d at p. 1264.) If the interests of the foreign state will not be significantly furthered by applying its law, the California court must conclude that the conflict is "false" and apply California law. (*Hurtado* v. *Superior Court, supra,* 11 Cal.3d at p. 580.)

■ A "false" conflict between two statutes of limitation occurred in *Ashland Chemical Co.* v. *Provence* (1982) 129 Cal.App.3d 790 [181 Cal.Rptr. 340]. There, the parties disagreed over whether California's or Kentucky's statute applied to a guaranty contract. The court noted that the

[5]Some courts continue to use the traditional approach in conflicts cases. (*World Wide Imports, Inc.* v. *Bartel* (1983) 145 Cal.App.3d 1006, 1012 [193 Cal.Rptr. 830]; *Roberts* v. *Home Ins. Indem. Co.* (1975) 48 Cal.App.3d 313, 318 [121 Cal.Rptr. 862].) However, these cases simply ignore the Supreme Court's decisions in *Reich* and *Hurtado*.

purpose of such statutes is to protect the enacting state's residents and courts from the assertion of stale claims.[6] It concluded that this policy would not be advanced if it were to enforce Kentucky's longer limitations period: "Here California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident. Applying California's statute of limitations would thus advance its underlying policy. . . . In contrast, Kentucky has no interest in having its statute of limitations applied because here there are no Kentucky defendants and Kentucky is not the forum." (*Id.,* at p. 794.) The court then applied California's statute.

New Mexico similarly has no interest in having its law applied here. Appellant (the defendant) is not a New Mexico resident but has been living in California since approximately 1978. New Mexico's interest in protecting its residents from stale claims would therefore not be furthered if its law were applied. Even if appellant were a New Mexico resident, that state's former seven-year period would not protect him from enforcement of the judgment. Specifically, section 37-1-9 tolls the seven-year period during the time that a debtor is "absent from the state." Appellant's residence in California satisfies the literal terms of this section.[7] Furthermore, in 1983, the New Mexico Legislature amended its limitations period. Creditors now have 14 years in which to enforce a judgment. (N.M. Stat. Ann. § 37-1-2 (Cum.Supp. 1984); *Britton* v. *Britton* (1983) 100 N.M. 424 [671 P.2d 1135, 1140].) While the amendment does not apply to judgments rendered before its enactment, it indicates that California's 10-year period does not offend current New Mexico public policy.

We conclude that, under the governmental interest approach, section 337.5, subdivision 3 of the Code of Civil Procedure applies to respondent's action to enforce the New Mexico judgment. Since less than 10 years

---

[6]*Ashland* relied in part on *McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 804 [159 Cal.Rptr. 86], which gave this description of the policy behind these statutes: "Statutes of limitations are enacted as matters of public policy designed to promote justice and prevent the assertion of stale claims after the lapse of long periods of time. [Citation.] Statutes of limitations are not disfavored in the law. To the contrary they are favored in the law because they promote desirable social ends and give security and stability to human affairs."

[7]Citing three New Mexico cases, appellant argues that the statute is tolled only if respondent attempted to "serve" defendant with the judgment while he was absent from New Mexico. (*Kennedy* v. *Lynch* (1973) 85 N.M. 479 [513 P.2d 1261]; *Benally* v. *Pigman* (1967) 78 N.M. 189 [429 P.2d 648]; *Tenorio* v. *Cohen* (1981) 96 N.M. 756 [635 P.2d 311].) However, all of these cases involve a defendant who could have been served with a *complaint* under New Mexico's "long-arm" statute. Appellant fails to cite, nor are we aware of, any authority imposing a similar requirement on a creditor's efforts to execute upon a judgment.

elapsed before respondent applied for entry of the judgment in California, the trial court properly denied appellant's motion to vacate.[8]

## DISPOSITION

The judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.

---

[8]We need not consider whether New Mexico's law applies to this case under section 361 of the Code of Civil Procedure. This section "borrows" the statute of limitations of the state in which the cause of action arose, if "an action thereon cannot there be maintained . . . by reason of the lapse of time . . . ." As discussed supra, respondent's action would not be barred in New Mexico.