[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 691 
OPINION
 SUMMARY A plaintiff who has resided in California for 30 years was exposed to asbestos during the installation of a boiler in Oklahoma 50 years ago. The boiler was designed and sold by a New York company to a purchaser in Oklahoma. Following his diagnosis with an asbestos-related medical condition several years ago, the California resident brought suit in California against the New York company.
 The trial court determined that Oklahoma's statute of repose barred the suit. Contrary to that determination, we conclude that choice of law principles dictate the application of California law, which does not bar the suit. *Page 692 
 FACTUAL AND PROCEDURAL BACKGROUND In the late 1950's, Terry McCann was employed by a construction company at an oil refinery in Oklahoma. While working at the refinery, he was exposed to asbestos during the installation of a boiler designed and manufactured by Foster Wheeler, a New York company. Terry McCann and his wife moved to California in 1975. In April 2005, he was diagnosed with mesothelioma allegedly caused by his exposure to asbestos while working at the refinery in Oklahoma. The McCanns (collectively, McCann) filed a personal injury action against Foster Wheeler and others.
 Foster Wheeler moved for summary judgment on the ground that Oklahoma's statute of repose applied and barred the lawsuit. Under the Oklahoma statute of repose, a tort action for an injury arising from "the design . . . of an improvement to real property" is barred if brought more than 10 years after substantial completion of the improvement.[1]
Foster Wheeler claimed the boiler was an improvement to real property and required specific engineering and designing to fit the needs of the customer.
 McCann's opposition to the summary judgment motion argued that California's borrowing statute, Code of Civil Procedure section 361, precluded application of Oklahoma's statute of repose. Section 361 provides that a cause of action that arose in another state cannot be maintained in California if the other state's laws bar the action due to a lapse of time. However, section 361 allows an exception to the application of the foreign state's time bar for a person "who has been a citizen of this State, and who has held the cause of action from the time it accrued."
 McCann further argued that even if Code of Civil Procedure section 361
were not controlling, a choice of law analysis requires the application of California law. McCann asserted that California's governmental interests, as expressed in section 361, would be significantly impaired by the application of the Oklahoma statute. McCann further argued that Oklahoma had no interest in barring a cause of action that arose outside of its borders and that California law should therefore apply. McCann finally argued that even if Oklahoma law applied, Foster Wheeler was not protected by Oklahoma's *Page 693 
statute of repose, because it merely manufactured the defective product and did not design an improvement to real property within the coverage of the statute.
 The trial court denied Foster Wheeler's motion for summary judgment, finding triable issues of material fact. The court determined that Oklahoma law applied, but found a triable issue of fact as to whether Foster Wheeler was a designer of an improvement to real property and was thereby protected by the statute of repose.[2]
 After summary judgment was denied, Foster Wheeler sought a hearing under Evidence Code section 402 to determine the applicability of the Oklahoma statute of repose. Foster Wheeler asked the court to decide "the narrow factual question" as to whether Foster Wheeler acted as the designer of an improvement to real property under the terms of the statute. McCann joined in the request for a hearing, but asked the court to preclude Foster Wheeler from presenting the statute of repose defense to the jury. McCann asserted that Foster Wheeler could not establish one of the fundamental elements of the defense and was therefore not entitled to present the defense to the jury.[3]
 After conducting a hearing and considering the evidence presented, the trial court found that Foster Wheeler was a designer and that the boiler was an improvement to real property. Based on these findings, the court concluded Oklahoma's statute of repose applied as a matter of law.
 Judgment was entered in favor of Foster Wheeler, and this appeal followed.
 DISCUSSION McCann contends the plain language of the borrowing statute, Code of Civil Procedure section 361, compelled the application of California's statute of *Page 694 
limitations; the governmental interest test does not apply to the borrowing statute; and even if the governmental interest test did apply, the test compels application of the California resident exception to the borrowing statute. He further argues that, even if the Oklahoma statute of repose was the correct choice of law, the trial court erred in applying the statute to this case.
 We conclude that, while Code of Civil Procedure section 361 may not mandate the application of California law, the trial court erred, under established choice of law principles, in applying the Oklahoma statute of repose. This conclusion makes it unnecessary to decide whether the trial court also erred in determining that Foster Wheeler was the designer of an improvement to real property, and therefore is entitled to the protection of the Oklahoma statute of repose. We first discuss section 361, and then turn to a discussion of the appropriate choice of law.
A. Section 361.
 McCann asserts we need not engage in a choice of law analysis, because a plain reading of California's borrowing statute, Code of Civil Procedure section 361, expressly requires the application of California time limitations when the plaintiff is a California resident at the time the cause of action accrues. Section 361 states: "When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued." Many states have adopted similar borrowing statutes, which are designed to prevent forum shopping by plaintiffs. (Giest v. SequoiaVentures, Inc. (2000) 83 Cal.App.4th 300, 303 [99 Cal.Rptr.2d 476] ["[b]y its terms section 361 applies whenever a cause of action arises in another state and would be stale in that state, unless the holder of the cause of action is a California citizen who has held the cause from the time of accrual"].) McCann argues that section 361 unequivocally calls for the application of California law because he was a resident of California at the time his cause of action accrued.
 McCann's argument is unpersuasive. Under the plain language of Code of Civil Procedure section 361, a California court is required to apply the law of the foreign state barring an action if the plaintiff was not a California citizen when the cause of action accrued. (See also Biewendv. Biewend (1941) 17 Cal.2d 108, 115 [109 P.2d 701] ["[s]ince the plaintiff has not been a citizen of this state from the time the cause of action accrued, this section [361] has the effect of applying the Missouri statute of limitations. . . ."].) It is equally clear that the court is not required to apply the foreign statute if the *Page 695 
plaintiff was a California citizen when the cause of action accrued. In other words, the statute, on its face, permits the court to apply California law when the plaintiff is a citizen of California, but it does not expressly require the court to do so; it merely excepts California citizens from the mandatory application of foreign law. We doubt, therefore, that the statutory exception for plaintiffs who were citizens when their causes of action accrued requires the court to apply California law, in circumstances where the application of California's choice of law principles would dictate otherwise. We need not definitively determine the point, however, because California's choice of law principles require the application of California law rather than Oklahoma law. We turn to that analysis.
 B. The choice of law analysis.
 A choice of law question arises when a party before a California court contends that another state's law, rather than California law, should be applied to decide the case. In that situation, the court is required to employ the governmental interest approach as announced in Reich v.Purcell (1967) 67 Cal.2d 551 [63 Cal.Rptr. 31, 432 P.2d 727] (Reich) [rejecting the prior rule that in tort actions the law of the place of the wrong was the applicable law in a California forum regardless of the issues before the court]. The party contending that the foreign state's law should apply must demonstrate that the application of that law will significantly further the interest of the foreign state, and therefore is an appropriate law for the court to apply. (Tucci v. Club Mediterranee
(2001) 89 Cal.App.4th 180, 188-189 [107 Cal.Rptr.2d 401] (Tucci).) Three steps are involved. First, the court must determine whether the foreign law differs from California law. Second, if there is a difference, the court must determine whether a "true conflict" exists by determining whether both states have a legitimate interest in applying their own law to the case at hand. (American Bank of Commerce v.Corondoni (1985) 169 Cal.App.3d 368, 372 [215 Cal.Rptr. 331] (American Bank).) Third, when both states have a legitimate interest in the application of their respective laws, the court analyzes the "comparative impairment" of the interests of the two states and applies the law of the state whose interest would be the more impaired if its law were not applied. (Tucci, supra, 89 Cal.App.4th at p. 189, citing cases.)
 1. Oklahoma law differs from California law.
The laws of Oklahoma and California clearly differ. If Oklahoma's statute of repose is applied, McCann's claim would be barred by the lapse of time, assuming the substantive elements of the statute are met, because the statute "bars any tort action which arises more than ten years after the substantial completion of the improvement to real property." (Riley v. Brown and Root, Inc. (1992) 1992 OK 114 [836 P.2d 1298,1300].) California's statute of *Page 696 
limitations, on the other hand, requires that claims for injury or illness based upon exposure to asbestos must be brought within one year of accrual (Code Civ. Proc., § 340.2). Under California law, McCann's claim did not accrue until he was diagnosed with mesothelioma and is not barred by the lapse of time. (See Buttram v. Owens-Corning FiberglasCorp. (1997) 16 Cal.4th 520, 531, fn. 4 [66 Cal.Rptr.2d 438, 941 P.2d 71] [a cause of action accrues "upon the occurrence of the last element essential to the cause of action; that is when the plaintiff is first entitled to sue" (italics omitted)]; Ashdown v. Ameron Internal Corp.
(2000) 83 Cal.App.4th 868, 877 [100 Cal.Rptr.2d 20], italics omitted [Buttram held that "a cause of action for damages arising from latent and progressive asbestos-related mesothelioma accrued, not when the plaintiff was first exposed to asbestos . . . but, instead, at the time the disease for which damages were sought was diagnosed or otherwise discovered"].)[4]
 2. Oklahoma does not have a strong interest in applying its statute of repose to this case.
 If both California and Oklahoma have a strong interest in applying their own law, a true conflict exists. (American Bank, supra,169 Cal.App.3d at p. 372.) In this case, Oklahoma's interest in applying its statute of repose to "the case at hand" is minimal, whereas California's interest in providing a remedy to its residents for causes of action that accrue in California is strong. We examine each state's interest in turn, bearing in mind the circumstances of the case, namely:
 — McCann has been a resident of California for 30 years, and his cause of action accrued in this state when he was diagnosed with mesothelioma.
 — Foster Wheeler is a New York corporation with offices in New York, and was a New York corporation 50 years ago when it designed and delivered its boiler to a purchaser in Oklahoma for installation in that state. Foster Wheeler does not assert that it now has or then had offices in Oklahoma.
 — According to Foster Wheeler, "McCann alleges that the Foster Wheeler [boiler] was deficient in design because it called for insulation, which Foster Wheeler knew or should have known would be made, in whole or in part, of asbestos." *Page 697 
 — McCann was exposed to asbestos in Oklahoma during the installation of the Foster Wheeler boiler.
 — The oil refinery was responsible for the installation of the boiler, and Foster Wheeler's responsibility was limited to acting as an advisor and consultant during the installation. The boiler was sold and delivered by Foster Wheeler without insulation. The insulation was installed by independent contractors who were not affiliated with Foster Wheeler.
 Given these facts, the parties have identified the respective state interests as follows: "The purpose behind the Oklahoma statute is to establish a balance between the rights of claimants and those of the architects and builders." (Riley v. Brown and Root, Inc., supra,836 P.2d at p. 1300.) As the Oklahoma high court observed in finding the statute constitutional, the Oklahoma statute of repose is "related to the legitimate government objectives of providing for a measure of security for building professionals whose liability could otherwise extend indefinitely" and "of avoiding the difficulties in proof which arise from the passage of time." (St. Paul Fire Marine Ins. Co. v. Getty Oil Co.
(1989) 1989 OK 139 [782 P.2d 915, 921].)
 alifornia's interest is reflected in its statute of limitations governing civil actions based on exposure to asbestos. The statute protects persons injured by exposure to asbestos by permitting them to bring an action within a year after suffering a disability from the exposure. (Code Civ. Proc., § 340.2.) No matter how long ago the person was exposed, the statute provides that the person will have a remedy when the injury manifests itself. In addition, by virtue of its borrowing statute, California has expressly indicated that, even if a cause of action arose in another state, a citizen of California should not necessarily be subjected to the time limitations of the other state. (Code Civ. Proc., § 361.)
 We harbor serious doubt that a true conflict exists in this case between the interests of California and Oklahoma. California has an obvious interest in providing a remedy to its long-term residents who sustain asbestos-related injuries, as discussed further in part 3.,post. Oklahoma's interest — protecting defendants who design or construct improvements to real property by placing a time limitation on their liability for tortious conduct — is considerably less evident in the circumstances of this case. Oklahoma's interest is substantially a local one, that is, an interest in protecting Oklahoma defendants from liability for conduct *Page 698 
Wheeler is not a citizen of Oklahoma, and is therefore not among the defendants in whose favor Oklahoma's statute of repose is primarily directed.[5] Moreover, Foster Wheeler's allegedly tortious conduct was in the design and fabrication of the boiler, which conduct occurred in New York or some location other than Oklahoma. Consequently, any significant interest of Oklahoma in the application of its statute of repose — and hence a "true conflict" — is difficult to discern. (SeeHurtado v. Superior Court (1974) 11 Cal.3d 574, 586 [114 Cal.Rptr. 106,522 P.2d 666] ["a state's interest in limiting recovery in wrongful death actions is in protecting resident defendants from excessive financial burdens"].)
 3. Comparative impairment analysis requires the application of California law.
 Even if we assume Oklahoma has a legitimate interest in the application of its statute of repose, we conclude, contrary to Foster Wheeler's contention, that California law applies, because California's interest would be more impaired than Oklahoma's interest if its law were not applied. (Tucci, supra, 89 Cal.App.4th at p. 189.)
 Foster Wheeler insists that Oklahoma's interests "would be greatly and substantially impaired" if its statute of repose is not applied, pointing to "Oklahoma's interests in fostering business investment and development, and in determining the consequences of conduct that occurs in Oklahoma." While Oklahoma has these interests, they are not significantly furthered by the application of its statute of repose to Foster Wheeler. Foster Wheeler is a major supplier of boilers and related equipment worldwide and, in this case, sold the boiler to an Oklahoma purchaser. But Foster Wheeler presented no evidence that it designed or manufactured boilers in Oklahoma, or otherwise did anything in Oklahoma other than supervise the purchaser's installation of its boiler. Foster Wheeler's suggestion that it may have relied on Oklahoma's statute of repose when it bid to design and manufacture the boiler it sold in Oklahoma defies credulity given its status as a worldwide supplier. Consequently, any interest Oklahoma may have in protecting defendants who invest in facilities and otherwise develop businesses in Oklahoma does not apply to Foster Wheeler. And, while Oklahoma of course has an interest in determining the consequences of conduct that occurs in Oklahoma, the allegedly tortious conduct in question is Foster Wheeler's design and manufacture of its *Page 699 
boiler, which did not occur in Oklahoma. Therefore, Oklahoma's interests are not impaired by the application of California law.
 Foster Wheeler further claims California has no interest "in regulating the wholly foreign conduct which allegedly gave rise to McCann's claim." We cannot agree. Foster Wheeler's "wholly foreign conduct," which did not occur in Oklahoma, resulted in an injury to a California resident, which manifested itself in this state. California's remedial statute is expressly designed to preserve asbestos claims during the latency of asbestos-related injuries. California's interest in adjudicating a resident plaintiff's claim outweighs Oklahoma's interest in cutting off the liability of a nonresident defendant.[6]
 In sum, we conclude California has a significant interest in permitting McCann to seek compensation for asbestos-related injuries manifesting themselves in California. McCann has been a California resident for many years, his injury accrued in California, and he relied on California's health care facilities for his care. California has an interest in limiting health care costs that accrue as a result of barred claims. This is particularly important in light of the prevalence of debilitating asbestos-related disease. California's interest in providing him with a remedy is far more significant than Oklahoma's interest in protecting a nonresident defendant from excessive financial burdens, particularly when the nonresident defendant's liability is premised on design and manufacturing activity that did not occur in Oklahoma. We therefore conclude that the interests of California would be more significantly impaired by the application of Oklahoma law than the converse. Accordingly, the trial court erred in applying the Oklahoma statute of repose to McCann's claim against Foster Wheeler. *Page 700 
 DISPOSITION The judgment is reversed and the case is remanded to the trial court for further proceedings. Terry and Lucille McCann are entitled to recover their costs on appeal.
 Rubin, J., and Flier, J., concurred.
[1] The Oklahoma statute of repose provides: "No action in tort to recover damages [¶] (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property, [¶] . . . or [¶] (iii) for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement." (Okla. Stat. tit. 12, § 109.)
[2] The court's written order continued: "Oklahoma's statute of repose applies only to those involved in `performing or furnishing the design, planning, supervision or observation of construction or construction of . . . an improvement.' [Citation] Foster Wheeler is sued in this action as a manufacturer of a defective product, and its role in the design of the boiler as an improvement to real property is a triable issue of fact. As Foster Wheeler itself argued in connection with its `sophisticated user' defense, `the process, design and plans of the refinery were products of Universal Oil Products ("UOP") in conjunction with TRECO engineers and possibly D-X Sunray engineers; UOP and TRECO had significant control over the design and specifications of the refinery and the associated equipment.' [Citation.]"
[3] Under Oklahoma law, five factors are assessed to determine whether an item is an improvement to real property within the meaning of the statute of repose. The first factor is whether the property is taxed as personal or real property. (Durham v. Herbert Olbrich GMBH Co. (10th Cir. 2005)404 F.3d 1249, 1253.) McCann argued that Foster Wheeler did not produce any evidence regarding the ad valorem tax treatment of the boiler and therefore could not establish the boiler was an improvement to real property.
[4] In his reply brief, McCann argues no conflict exists between Oklahoma and California law. According to McCann, because he "never suffered harm in Oklahoma, no claim ever arose there." The argument is specious. While McCann's action did not accrue until he suffered an injury, the Oklahoma statute of repose, like other similar statutes, can "bar a cause of action before the injury which gives rise to the cause of action occurs." (Riley v. Brown and Root, Inc., supra,836 P.2d at p. 1300.) The conflict between Oklahoma and California law is therefore obvious.
[5] See also American Bank, supra, 169 Cal.App.3d at pp. 372-373, discussing Ashland Chemical Co. v. Provence (1982) 129 Cal.App.3d 790,794 [181 Cal.Rptr. 340] [Ashland presented a "false" conflict between two statutes of limitation; the purpose of such statutes is to protect the enacting state's residents and courts from the assertion of stale claims; California's courts and a California resident would be protected by applying California's statute of limitations, whereas Kentucky had no interest in having its statute applied because there were no Kentucky defendants and Kentucky was not the forum].
[6] Foster Wheeler asserts that California's interest in applying its law to this case is de minimis, and cites Reich for the proposition that McCann's residence in California "is entitled to little, if any, weight." In Reich, the court observed the plaintiffs' domicile in California "[did] not give this state any interest in applying its law. . . ." (Reich, supra, 67 Cal.2d at pp. 555-556.) However, the facts in Reich
were radically different, and the choice of law in every case depends on facts peculiar to that case. (Tucci, supra, 89 Cal.App.4th at pp. 188-189
[party advocating foreign law must demonstrate the foreign rule is an appropriate one for the forum to apply to the case before it].) Reich
involved an accident that occurred in Missouri, a defendant who lived in California, and plaintiffs who resided in Ohio at the time of the accident and moved to California after the accident. The court stated that plaintiffs' residence and domicile at the time of the accident (Ohio) were the relevant residence and domicile; rejected defendant's claim that Missouri law applied; and applied Ohio law (which, like California law, did not limit damages). Reich does not assist Foster Wheeler, because McCann's cause of action accrued in California, and in any event Reich refused to apply the law of "the place of the wrong," which had "little or no interest [in compensating survivors] when none of the parties reside[d] there." (Reich, supra, 67 Cal.2d at p. 556.) Reich
simply illustrates that the forum state "must search to find the proper law to apply based upon the interests of the litigants and the involved states." (Id. at p. 553.) *Page 701